United States District Court
Southern District of Texas
**ENTERED**
December 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEYSON ESTUARDO TOBAR TOVAR, | § § § | CIVIL ACTION NUMBER 4:25-cv-06056 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| KRISTI NOEM, *et al*, Respondents. | § § § | |

## ORDER

Petitioner Jeyson Estuardo Tobar Tovar filed a motion for temporary restraining order with respect to his pending petition for writ of *habeas corpus*. Dkt 4. In it, he seeks an order enjoining the Government from proceeding with Petitioner's detained merits hearing before the immigration court in Conroe, Texas, which is presently scheduled for December 29, 2025. Id at 1. He maintains that his current detention in Texas has "substantially interfered with attorney-client access, preventing meaningful preparation for immigration proceedings." Id at 2. He thus argues that his due process rights will be violated absent a continuance of the immigration proceedings to provide additional time for preparation. Id at 4.

Jurisdiction here concerns a proceeding on *habeas corpus*, existing for the limited purpose of adjudicating the legality of Petitioner's detention. See *Munaf v Green*, 553 US 674, 693 (2008): "Habeas is at its core a remedy for unlawful executive detention." The requested TRO doesn't bear on the legality of his detention. It thus falls outside the scope of *habeas* jurisdiction.

It is noted that counsel for Petitioner at hearing stated that a motion for continuance was already pending before immigration court considering Petitioner's case. It is also noted that the petition for writ of *habeas corpus* reflects a ruling by the immigration judge that Petitioner may make a renewed bond request under the ruling in *Maldonado Bautista* in the Central District of California. Dkt 1 at ¶27. Counsel at hearing noted that a request was also pending in that respect.

Beyond that, concerns about Petitioner's access to counsel are sympathetic and undoubtedly complicated by his detention in Texas. But complaints regarding access to counsel challenge the conditions of confinement and conduct of detention officials. Such claims must be brought in a civil rights action under §1983. See *Carson v Johnson*, 112 F3d 818, 820–21 (5th Cir 1997): "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. ... A habeas petition, on the other hand, is the proper vehicle to seek release from custody."

Jurisdiction is lacking to grant the requested temporary restraining order.

The motion for temporary restraining order is thus DENIED. Dkt 4.

The petition for writ of *habeas corpus* remains pending on the merits. Dkt 1.

The parties are ORDERED to confer and file a joint proposed scheduling and docket control order by January 2, 2026.

The parties should consult the scheduling and docket control order, form 5(a) on the Court's website, to the extent relevant and useful. The guidelines provided in that form are not binding. Given the fundamental liberty interests at stake in all cases proceeding on *habeas corpus*, the parties are strongly encouraged to pursue expeditious adjudication of this matter.

The parties may request an initial or status conference, if desired.

SO ORDERED.

Signed on December 23, 2025, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge